IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

DIAUNTE J. SHIELDS,

                               Petitioner,                                ORDER

    v.

                                                                             11-cv-361-wmc

CAROL HOLINKA, Warden,
Federal Correctional Institution,
Oxford, Wisconsin,

                               Respondent.

---

On December 29, 2011, this court dismissed petitioner Diaunte Shields' petition for a writ of habeas corpus under 28 U.S.C. § 2241 because his sentence credit was properly calculated pursuant to 18 U.S.C. § 3585. Now before the court is Shields' notice of appeal. Because he has not paid the $455 filing fee, the court concludes that he is requesting to proceed *in forma pauperis* on appeal.

Shields' appeal is not subject to the 1996 Prison Litigation Reform Act. *Walker v. O'Brien*, 216 F.3d 626, 628-629 (7th Cir. 2000) ("the PLRA does not apply to any requests for collateral relief under 28 U.S.C. §§ 2241, 2254, or 2255"). Nevertheless, in determining whether a petitioner is eligible for indigent status on appeal under 28 U.S.C. § 1915, the court must find both that the petitioner does not have the means to pay the $455 fee for filing his appeal and that the appeal is not taken in good faith. 28 U.S.C. § 1915(a)(1) and (3).

While the court lacks a basis to certify that petitioner's appeal is not taken in good faith, the court applies the formula set out in 28 U.S.C. § 1915(b)(1) in determining whether a habeas corpus petitioner is eligible for pauper status. Specifically, from the

petitioner's trust fund account statement for the six-month period immediately preceding the filing of his appeal, the court adds the deposits made to petitioner's account and calculates 20% of the greater of the average monthly deposits or the average monthly balance in the account. If the 20% figure is more than the fee petitioner owes for filing his appeal, he may not proceed *in forma pauperis*. If the 20% figure is less than $455, he must prepay whatever portion of the fee the calculation yields.

Here, the court cannot tell whether Shields qualifies for indigent status on appeal because he has not submitted a trust fund account statement for the six-month period immediately preceding the filing of his notice of appeal. Therefore, a decision on Shields' request for leave to proceed *in forma pauperis* will be stayed pending his submission of the necessary trust fund account statement.

ORDER

IT IS ORDERED that a decision whether Diaunte Shields may proceed *in forma pauperis* on appeal is STAYED. Shields may have until February 17, 2012, in which to submit a trust fund account statement for the six-month period beginning approximately July 7, 2011 and ending approximately January 7, 2012. If petitioner fails to submit the necessary trust fund account statement by February 17, 2012, the court will have no alternative but to deny his request for leave to proceed *in forma pauperis*.

Entered this 27th day of January, 2012.

BY THE COURT:

/s/
_____
WILLIAM M. CONLEY
District Judge

2